## SUPREME COURT.

### James Bragg and others vs. James Bickford and others.

The court has power under the 149th section of the code (original) to allow a complaint to be *verified by oath*, (after it has been served) upon motion—showing good excuse for the omission.

*Monroe Special Term, October*, 1848. Motion to set aside summons and complaint.

The summons and complaint were served on the defendants on or about the 11th August last. The complaint was not verified as required

by the 133d section of the Code of Procedure, and for that reason the defendants move that it be set aside, &c. The plaintiff now moves to amend by verifying the complaint.

H. K. JEROME, *for defendants.*

C. TUCKER, *for plaintiffs.*

WELLES, Justice.—It is objected by the defendants' counsel, that to allow the complaint to be now verified, would be going beyond any provision of the code. That the verification is a statute requirement, and the complaint is a nullity without it, and that the court has no power to allow the defect to be supplied. In the case of *Swift and another* v. *Hosmer and another*, 3 Howard's Sp. T. Rep. 284, the defendant put in an answer not verified by oath, which the plaintiff disregarded and signed judgment. On a motion to set it aside, Justice Gridley held the judgment regular and denied the motion. The report of the case does not show that any application was made to amend, by adding the verification. The principal question discussed by the court in that case was, as to the manner the pleading should be verified, whether *by oath*, or in some other way, and he comes to the conclusion that although the section of the code is silent as to what kind of verification is to be used, yet that the plain and obvious meaning of the section is, that it must be verified *by oath*, and concludes as follows: "The answer, in this case, not being verified by oath, in analogy to the case of pleas in abatement, may be treated as a nullity." In this case, the plaintiffs excuse the omission; and if the court has the power to allow the amendment, I think it ought to be done. An omission of the verification of a plea in abatement would probably not be .allowed to be supplied after the expiration of the time for putting in the plea, for the reason that such pleas do not relate to the merits, and are not favored by the court.

The 149th section of the code provides that the court may, at any time, in furtherance of justice, &c., *amend any pleading or proceeding*, by adding or striking out the name of any party, *or a mistake in any other respect, &c.* I think it quite evident that the Legislature intended to allow great latitude in the way of amendments, and indeed, to confer upon the court almost unlimited power in this respect, where the furtherance of justice should require it; and, as this seems to me to be a case of that character, I shall give the plaintiffs leave to amend their complaint by verifying the same. The motion on the part of the defendants is therefore granted, unless the complaint shall be verified, as required by the code, within ten days—the defendants to have twenty days to answer the same

from the time of such verification, unless it has been verified since notice of this motion was given, in which case the defendant is to have twenty days from the service of a copy of this order, to answer, &c.